UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| | | |
|---|---|---|
| Case No. | 2:17-cv-09200-CAS-SSx | Date   November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                                   Not Present

**Proceedings:**     (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 16, filed September 26, 2018)

## I.     INTRODUCTION

On December 26, 2017, plaintiff Minden Pictures, Inc. ("Minden") brought this action against defendants GOPACKUP, Inc. ("GOPACKUP") and Does 1 through 10. Dkt. 1 ("Compl."). Plaintiff alleges a claim of copyright infringement, in violation of 17 U.S.C. § 101 *et seq.* Id.

On April 18, 2018, plaintiff requested the Clerk to enter default against GOPACKUP ("defendant"). Dkt. 13. Pursuant to plaintiff's request, the Clerk entered default on April 19, 2018. Dkt. 14. On September 26, 2018, plaintiff filed the instant motion for default judgment. Dkt. 16 ("Mot."). Plaintiff's motion was unopposed. Plaintiff filed a supplemental brief in support of its application for default judgment on November 12, 2018. Dkt. 18 ("Suppl.").

Having carefully reviewed the motion, plaintiff's supporting declaration, and plaintiff's supplemental brief, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff is a photography agency that services photographers by marketing and licensing their photographs. Mot. at 2. Plaintiff maintains a library of photographs to license. Id. By virtue of its contractual assignments with its respective photographers, plaintiff is the sole and exclusive agent and representative for the use and licensing of the photographs in its library. Id. at 1. Plaintiff alleges that defendant is a California corporation and the owner of the website http://www.gopackup.com. Compl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

Plaintiff alleges that defendant infringed plaintiff's copyrights by using four of plaintiff's photographs ("Subject Photographs"), namely by publishing and displaying the Subject Photographs on defendant's website. Compl. ¶¶ 9, 12, 15, 18, 22. Plaintiff claims that defendant had access to the Subject Photographs through plaintiff's website and social media accounts, and through third-party websites, such as Tumblr. Id. ¶ 21. Plaintiff asserts that each of the four Subject Photographs were registered with the United States Copyright Office. Id. ¶¶ 8, 11, 14, 17. In its complaint, plaintiff includes copies of the Subject Photographs, as well as screen captures of the four allegedly infringing uses, featured on defendant's website. Id. ¶¶ 10, 13, 16, 19.

Based on the alleged copyright infringements, plaintiff filed suit against defendant on December 26, 2017. Following defendant's failure to respond, plaintiff sought a clerk's default on April 18, 2018, and the clerk entered default on April 19, 2018. Because the amount of the judgment is uncertain, plaintiff seeks default judgment through the Court, rather than the Clerk. Fed. R. Civ. P. § 55(b)(1), (2).

The Court held a hearing on October 29, 2018, at which defendant failed to appear. Because plaintiff's original motion did not include the copyright registration numbers for the Subject Photographs, or copies of the actual copyright registrations, at the hearing, the Court requested supplemental evidence from plaintiff to demonstrate its valid ownership of the Subject Photographs. In accordance with the Court's request, plaintiff filed a supplemental brief in support of plaintiff's application for default judgment on November 12, 2018. This supplemental brief included the copyright registration number, the date of registration, and a copy of the certificates of registration for each of the four Subject Photographs. Dkt. 18-1 at 3; Suppl., Ex. 3.

## III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

Plaintiffs seek default judgment against defendant for statutory damages in the amount of $30,000, costs of $466.40, and attorney's fees of $2,400. Mot. at 1.

### A. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Plaintiff contends that despite its pursuit of the case and diligent attempts to notice defendant, defendant has ignored plaintiff and the judicial process. Mot. at 4. Given defendant's failure to litigate this case, plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

#### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Here, plaintiff seeks relief for copyright infringement in violation of 17 U.S.C. § 101 et seq. To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

establish infringement, plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "Registration is prima facie evidence of the validity of a copyright." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488–89 (9th Cir. 2000). Copying may be established by a showing that the works are substantially similar in their protected elements and that the infringing party had access to the copyright work. See Rice, 330 F.3d at 1174 (quoting Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th Cir. 2002)).

Having produced both the copyright registration numbers for each of the Subject Photographs, as well as copies of the certificates of registration, plaintiff establishes a prima facie case of a valid copyright, and has demonstrated a strong likelihood of success on the merits. See Seoul Broad. Sys. Int'l, Inc. v. Korea Int'l Satellite Broad., No. CV 08-05119 SJO (VBKX), 2009 WL 10672770, at *3 (C.D. Cal. June 19, 2009) (explaining that because plaintiff had "presented evidence of copyright registrations received from the U.S. Copyright Office for thirty-five of the works referenced in the Second Amended Complaint, [plaintiff's] copyright infringement claim on these works appears strong on the merits"). In addition, plaintiff sufficiently pleads that defendant copied constituent elements of its original work. Plaintiff has provided copies of the Subject Photographs and screen captures that demonstrate that those Subject Photographs are featured on defendant's website. Compl. ¶¶ 10, 13, 16, 19. There is no question as to substantial similarity, as the photographs are identical. Plaintiff also alleges that defendant had access to the Subject Photographs through plaintiff's website and social media accounts, as well as through third -party websites. Id. ¶ 21.

Accordingly, plaintiff has stated a claim upon which it can recover, and the second and third Eitel factors weigh in favor of the entry of default judgment.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM–PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks statutory damages in the amount of $30,000, costs totaling $466.40, and attorneys' fees in the amount of $2,400. Mot. at 1. Plaintiff did not submit evidence in connection with this motion that addresses the expenses saved and profits reaped by defendant, or in turn, the revenues lost by plaintiff. Yet, as plaintiff argues, plaintiff was deprived of the opportunity to review defendant's records due to defendant's failure to appear or respond to plaintiff's complaint or motion for default judgment. Id. at 8. For that reason, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1238 (E.D. Cal. 2008).

Under the Copyright Act, a statutory damages award for copyright infringement must be "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). For willful infringements, the Court may increase the award to a sum not more than $150,000. 17 U.S.C. § 504(c)(2). Plaintiff argues that it could seek a willful statutory award, given defendant's willful conduct. Mot. at 9. Instead, it seeks only $30,000, which the Court finds reasonable. Accordingly, this factor weighs in favor of the entry of default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Plaintiff's production of both the Subject Photographs and screen captures of the infringing uses indicates that a factual dispute is unlikely, as to the copying element of copyright infringement. In addition, because plaintiff has now produced evidence of the validity of its copyrights, the Court can conclude that a dispute of fact is similarly unlikely as to the ownership element. This factor therefore militates in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Defendant was served with the summons and complaint on January 30, 2018. Dkt. 10. Default was entered on April 19, 2018. Dkt. 14. Defendant was also served by mail with plaintiffs' motion for default judgment on September 26, 2018. Mot., Decl. Doniger ¶ 7. Defendant has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, defendant's failure to retain counsel and defend this action makes a decision on the merits impractical, if not impossible. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B. Relief Sought by Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005). Here, plaintiff seeks a moderate amount of damages, and has provided a declaration to substantiate its requested relief.

### 1. Statutory Damages

Under the copyright laws of the United States, an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). For statutory damages,

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $ 30,000 as the court considers just.

17 U.S.C. § 504(c)(1). There is a presumption that infringements are committed willfully when determining relief for a violation. See 17 U.S.C. § 504(c)(3)(A). In determining the amount of statutory damages the district court has wide discretion. See Peer Int'l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990); see also Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984).

Plaintiff requests statutory damages instead of actual damages. Mot. at 8. Plaintiff argues that statutory damages are appropriate because defendant's refusal to respond to the complaint frustrated plaintiff's ability to determine actual damages. Id. (citing Microsoft Corp., 549 F. Supp. 2d at 1238). As mentioned, plaintiff argues that rather than requesting statutory damages in the amount of $150,000 for each of the four acts of presumptively willful infringement, plaintiff only requests reasonable damages in the amount of $30,000. Id. at 9. Plaintiff further argues that granting this maximum statutory award will help deter future infringement. Id. at 11. The Court finds plaintiff's arguments persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17 -cv-09200-CAS-SSx | Date | November 14, 2018 |
| Title | MINDEN PICTURES, INC. V. GOPACKUP, INC., ET AL. | | |

### 2. Fees and Costs

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full costs" and reasonable attorney fees. See 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989).

Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment between $10,000.01 and $50,000, the schedule of attorneys' fees allows $1,200 plus 6% of the amount over $10,000. Id. Plaintiff requests attorneys' fees in the amount of $2,400 based on its calculation of the fee schedule: $1,200 + 6% of $30,000, which totals $2,400. Plaintiff also requests reimbursement of litigation costs in the amount of $466.40. Id. at 12–13.

Although plaintiff has not submitted a bill of fees, the Court is satisfied that the requested fees are reasonable and that the Local Rule schedule is met.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiffs. Defendant shall be liable to plaintiff in the amount of $32,866.40, which is comprised of $30,000 in statutory damages, $2,400 in attorneys' fees, and $466.40 in costs.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |